**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4098**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

NATHAN A. SILLA,

              Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:11-cr-00157-AW-1)

───────────────

Submitted: October 29, 2013      Decided: November 8, 2013

───────────────

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Nicolas A. Mitchell, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shortly after his April 2012 jury trial began, Nathan Silla pled guilty, pursuant to a written plea agreement, to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349 (2012); two counts of bank fraud, in violation of 18 U.S.C. § 1344 (2012); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012). The district court sentenced Silla to 144 months' imprisonment, consisting of 120 months on the first three counts and twenty-four months, consecutive, on the aggravated identity theft count. The 120-month sentence for the grouped counts was at the top of the applicable Guidelines range. Silla timely appealed.

Counsel for Silla initially filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967). Subsequent to the Government moving to dismiss the appeal as to Silla's conviction, counsel moved to withdraw the Anders brief and to pursue the appeal on the merits. We grant this motion and review the issue raised in the merits brief: Silla's contention that the sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a) (2012).[*]

---

[*] We have nonetheless considered the issues raised in Silla's pro se supplemental brief and his opposition to the Government's motion to dismiss and find them without merit.

This court reviews a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46, 51 (2007). Where, as here, the defendant does not challenge the procedural reasonableness of his sentence, we review the sentence only for substantive reasonableness under the abuse-of-discretion standard. Id. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]." 18 U.S.C. § 3553(a). In reviewing a sentence for substantive reasonableness, we evaluate "the totality of the circumstances." United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the properly calculated Guidelines range, we presume on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes–Pineda, 445 F.3d 375, 379 (2006) (internal quotation marks omitted).

Silla argues that a sentence at the top of the Guidelines range was not warranted because (1) his low criminal history score — one point — reflects the low likelihood that he will recidivate; and (2) his fraudulent conduct was, in his view, of a "limited nature." (Appellant's Br. at 20). Silla

3

does not dispute any of the Guidelines calculations determined by the sentencing court, including the amount of loss finding. He argues more globally, though, that the district court should have disregarded the fraud guidelines because of their "inherent unfairness . . . and their lack of any empirical grounding in research and analysis." (Id. at 13-14).

"[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). In imposing a sentence at the top of the Guidelines range, the district court focused on the financial harm that befell the victims of Silla's fraudulent scheme, of which the court found that Silla was the master mind. This harm was evidenced in the victim statements received at sentencing and the calculation of the intended loss amount. And while the court could have, as an exercise of its discretion, disregarded the Guidelines method for calculating the loss amount, it certainly was under no obligation to do so. See United States v. Rivera-Santana, 668 F.3d 95, 101 (4th Cir.), cert. denied, 133 S. Ct. 274 (2012). Because the district court did not abuse its discretion in according significant weight to these and the other sentencing factors the court deemed relevant, including Silla's demonstrable lack of respect for the law and refusal to accept responsibility for his crimes, we conclude that Silla has

4

failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we grant counsel's motion to withdraw his <u>Anders</u> brief and affirm Silla's sentence. We deny as moot the Government's motion to dismiss this appeal as to Silla's conviction. Finally, we deny Silla's pro se motion to be transferred to another correctional facility. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>